IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WALEED MOHAMED ESAADI, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:26-cv-2167-X-BN |
| | § | |
| PILOT CATASTROPHE SERVICES, INC. and ALL STATE INSURANCE COMPANY, | § | |
| | § | |
| | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Waleed Mohamed Esaadi filed this lawsuit *pro se*, raising employment claims against Defendants Pilot Catastrophe Services, Inc. and All State Insurance Company. *See* Dkt. No. 3.

United States District Judge Brantley Starr referred the lawsuit to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

And, on August 4, 2026, the Court granted the parties' joint motion to stay the case pending arbitration [Dkt. No. 11], retained it while the parties proceed to arbitrate, and ordered counsel for one of the defendants to file on behalf of the parties a joint status report by November 2, 2026 [Dkt. No. 12].

Prior to that deadline, Esaadi filed a motion seeking the Court's assistance based on the costs of arbitration that includes a request for the Court to "consider whether an arbitrator can be appointed or otherwise identified at a reasonable cost or whether the cost of the arbitrator can be shared equitably between Plaintiff and

Defendant … in light of Plaintiff's limited financial circumstances." Dkt. No. 16 (cleaned up).

The Court ordered the parties to brief this motion, and a response and a reply were filed. *See* Dkt. Nos. 19-21.

"Under the FAA, jurisdiction by the courts to intervene into the arbitral process prior to issuance of an award is very limited." *Gulf Guar. Life Ins. Co. v. Conn. Gen. Life Ins. Co.*, 304 F.3d 476, 486 (5th Cir. 2002) (citing *Larry's United Super, Inc. v. Werries*, 253 F.3d 1083, 1085 (8th Cir. 2001)).

As such, "the FAA expressly favors the selection of arbitrators by parties rather than courts." *BP Expl. Libya Ltd. v. ExxonMobil Libya Ltd.*, 689 F.3d 481, 490 (5th Cir. 2012) (quoting *Shell Oil Co. v. CO2 Comm., Inc.*, 589 F.3d 1105, 1109 (10th Cir. 2009)).

"But Congress recognized that judicial intervention may be required in certain circumstances to move the parties to an arbitrable dispute out of the court and into arbitration as quickly and easily as possible." *Id.* (cleaned up).

And, so, "9 U.S.C. § 5 authorizes a court to intervene to select an arbitrator upon application of a party, in three instances: (1) if the arbitration agreement does not provide a method for selecting arbitrators; (2) if the arbitration agreement provides a method for selecting arbitrators but any party to the agreement has failed to follow that method; or (3) if there is a lapse in the naming of an arbitrator or arbitrators." *Id.* (cleaned up).

None of these apply to this case at this time.

The arbitration agreement provides a method for selecting arbitrators that accounts for one side failing to select an arbitrator, and, so, neither instance one nor two apply:

> Upon arbitration being invoked, within ten (10) days, Employee shall select a natural person and notify CMS in writing of such selection and his or her identity and address. Within ten (10) days of receipt of notice of Employee's selection, CMS shall select a natural person and notify Employee and Employee's selected person and his or her identity and address. If Employee or CMS fails to select a natural person within the allocated time, the party complying shall petition the Presiding Judge of the Circuit Court of Mobile County, Alabama, to select the second natural person. Within thirty (30) days, these two shall, by agreement and consistent with the terms below, then select a third natural person who shall be the umpire to preside at the arbitration. The umpire shall be a sitting or former Mobile County, Alabama, Circuit Judge or United States District Court Judge or Magistrate Judge from the Southern District of Alabama, in good standing. If the two natural persons selected cannot agree upon the umpire, then the Presiding Judge of the Circuit Court of Mobile County, Alabama, shall designate the umpire.

Dkt. No. 11-1, ¶ 15.

As to the third instance, "[a] 'lapse' occurs when there is some 'mechanical breakdown in the arbitrator selection process,'" which only "occurs when the arbitration agreement cannot be enforced at all." *Int'l Bancshares Corp. v. Ochoa*, 311 F. Supp. 3d 876, 878 (S.D. Tex. 2018) (quoting then citing *BP Expl. Libya Ltd.*, 689 F.3d at 491-92)

That's not the case here, as set out above.

And, where "[a] contractual procedure exists," "the parties must follow it." *Gallagher v. Vokey*, No. 3:19-cv-2196-X, 2022 WL 22256759, at *2 (N.D. Tex. June 9, 2022*); accord Carroll v. Vivid Seats, LLC*, No. 3:25-cv-127-X-BN, 2025 WL 2900250, at *3 (N.D. Tex. Sept. 22, 2025) ("Because a contractual procedure still exists to

resolve the parties' current impasse – selecting an arbitrator from the AAA's employment arbitration panel for the area – the Court should not intervene until the parties have exhausted their contractual remedies."), *rec. accepted*, 2025 WL 2899906 (N.D. Tex. Oct. 9, 2025).

So neither the FAA nor controlling caselaw allow for the Court's intervention.

And, to the extent that Esaadi urges the Court to intervene based on an assertion that the terms of the arbitration agreement – which requires that proceedings be held in Mobile County, Alabama and under which each side bears "the expense of its panel designee" (as well as "their own attorneys fees, costs, and expenses") and splits "the expense of the umpire and the arbitration," Dkt. No. 11-1, ¶ 15 – impose an undue financial burden on him, *see generally* Dkt. Nos. 16 & 21, "[a] federal district court has no authority to entertain challenges that 'essentially go to the procedure of arbitration, specifically the arbitrator selection process, and to the alleged unfairness of that process ... prior to issuance of the arbitral award,'" *Bautista v. PricewaterhouseCoopers LLP*, No. 3:24-cv-2593-D, 2025 WL 936658, at *3 (N.D. Tex. Mar. 27, 2025) (quoting *Gulf Guar. Life Ins.*, 304 F.3d at 488); *cf. id.* at *4 ("[I]t is clearly established in this circuit that" pleas such as to "'protect Plaintiff's fundamental rights to a fair hearing'" qualify as "'"procedural" questions which grow out of the dispute and bear on its final disposition' [and] are decided by the arbitrator rather than by the court." (quoting *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 84 (2002))).

The Court therefore DENIES Plaintiff Waleed Mohamed Esaadi's Motion for

Extension of Time and Request for Assistance Regarding Arbitration Costs [Dkt. No. 16].

SO ORDERED.

DATED: October 22, 2026

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE